IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKEY J. ROGERS, | : | CIVIL ACTION NO. 1:08-CV-2305 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| R. MARTINES, H.S.A., PETOPE, DR. PIGOT, | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Rickey J. Rogers ("Rogers"), an inmate confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania. Rogers seeks to proceed in forma pauperis. (Doc. 2.) I have undertaken preliminary review of the petition, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, conclude that the petition is subject to dismissal.

**I.   Background**

Rogers alleges that his Eighth and Fourteenth Amendment rights were violated when defendant "Dr. Pigot disregarded all the current medical diagnosis treatment and prognosis issued by a physician at U.S.P. Beaumont." (Doc. 1, at 4.) He identifies himself as a "chronic care" inmate and alleges that the health service department at the United States Penitentiary at Allenwood "has a history of

treating chronic care inmates poorly and not looking after their health care concerns." (Id.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Rogers does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges the adequacy of the medical care administered by the medical staff at the United States Penitentiary at Allenwood. Because he is seeking to impose liability due to the deprivation of certain rights and

privileges, the appropriate remedy is a civil rights action.  Consequently, the petition will be dismissed without prejudice to any right Rogers may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       January 6, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKEY J. ROGERS**, | : | **CIVIL ACTION NO. 1:08-CV-2305** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **R. MARTINES, H.S.A., PETOPE, DR. PIGOT**, | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 6th day of January, 2009, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to TERMINATE Rogers' motion for a temporary restraining order (Doc. 3).

4. The Clerk of Court is further directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge